IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM C. GRIM | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv144 |
| J. SMITH, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff William C. Grim, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against J. Smith, Dr. Smock, and Dr. Dickerson.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Plaintiff complains that the defendants acted with deliberate indifference to his health and safety, in violation of the Eighth Amendment. Plaintiff has named as a defendant Dr. Smock, the Regional Health Director with the University of Texas Medical Branch in Galveston, Texas.

The Civil Rights Act, 42 U.S.C. § 1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973). When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff claims defendant Dr. Smock is employed as the Regional Health Director at the University of Texas Medical Branch in Galveston, Texas. Plaintiff claims Dr. Smock failed to plan for the provision of medical treatment to prisoners during the time immediately before and after landfall of a hurricane, allegedly resulting in plaintiff's medical condition worsening. Dr. Smock's failure to plan for a hurricane occurred where he performs his duties, in Galveston, Texas. Further, Dr. Smock does not reside in this district. Such defendant is employed at the University of Texas Medical Branch in Galveston County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Galveston County,

Texas. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Galveston County is in the Galveston Division of the Southern District of Texas. As Galveston County is located in the Southern District of Texas, venue in the Eastern District of Texas is not proper as to this defendant.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims against defendant Dr. Smock should be transferred to the Southern District of Texas. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this 2 day of June, 2009.

*Earl S. Hines*
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE