IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM C. GRIM | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv144 |
| J. SMITH, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration plaintiff's Motion Requesting Recusal (docket entry no. 46).

The motion to recuse the magistrate judge is construed as a motion to vacate the reference of this case pursuant to 28 U.S.C. § 636. In accordance with 28 U.S.C. § 636(c)(4), "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge. . . ."

Plaintiff asserts that the magistrate judge has failed to order the Marshal to serve defendant Joe Smith, and is allowing the Attorney General for the State of Texas to represent defendant Smith without a proper request for representation.

Having examined the allegations in plaintiff's motion and the file in this action, the undersigned finds no basis of support for plaintiff's request. The magistrate judge has attempted to process this action in a reasonable manner, and prepare the case for trial, if necessary. The Attorney General's office merely notified the court that the office has not acquired permission to represent Smith or waive service on his behalf. The office of the Attorney General provided to the court the last known address for the individual it believes to be the Smith that plaintiff listed as a defendant. Accordingly, the magistrate judge ordered plaintiff to notify the court whether or not he wishes to pursue his claims against Smith and, if so, whether he had an address at which the defendant may

be served, or whether he wishes to attempt service at the address provided by the Attorney General which has proven unsuccessful for the Attorney General.

Plaintiff's assertions amount to nothing more than conclusory allegations. Plaintiff has failed to show good cause to vacate the referral to the magistrate judge. Accordingly, plaintiff's motion should be denied. It is therefore

**ORDERED** that plaintiff's motion to vacate the reference to the magistrate judge is **DENIED**.

So **ORDERED** and **SIGNED** this **10** day of **September, 2009.**

_____
Ron Clark, United States District Judge