IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM C. GRIM | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv144 |
| J. SMITH, ET AL. | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff William C. Grim, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the defendants' motion for summary judgment be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. The competent summary judgment evidence shows plaintiff failed to properly exhaust the available grievance procedure by failing to comply with the established rules for timely submitting his grievances. A review of plaintiff's response to the defendants' motion, as well as his objections,

reveals that grievances were available to plaintiff within the time provided for him to file grievances in compliance with the rules because he filed grievances on behalf of himself and other inmates.

In his first grievance concerning the incidents which form the basis of this complaint, dated October 9, 2005, plaintiff requested to be awarded a settlement for the harm suffered. A review of the rules for the TDCJ grievance procedure reveals that an offender may not ask for monetary damages or any form of disciplinary action against staff in a grievance. Thus, plaintiff did not follow the rules of the available grievance procedure, and the grievance was properly dismissed as inappropriate. Accordingly, the grievance procedure was available to plaintiff within the fifteen day time limit he had in which to file his Step 1 grievance, but plaintiff did not follow the rules. Plaintiff's second Step 1 grievance was dismissed as untimely.[1]

The only grievance plaintiff exhausted through both steps of the grievance procedure was not filed until December 27, 2006. While plaintiff mentioned the hurricane and lack of personnel in his Step 2 grievance, the focus of the Step 2 grievance was concerning the "follow up treatment" he received, including treatment for a ringworm as recent as October 5, 2006. As the Magistrate Judge observed, while the Step 2 response acknowledges that the Step 1 was properly resolved, the reviewing authority concluded that the grievances were untimely submitted in relation to the incidents. Any mention of the hurricane and lack of medical personnel more than a year after the incident cannot objectively be viewed as an attempt to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson*

---

[1] While plaintiff claims to have signed his second Step 1 grievance on October 12, 2005, the grievance was not received by the grievance office until October 17, 2005, which made the grievance untimely. Plaintiff has provided no competent summary judgment evidence showing he either placed it in the grievance box or delivered it to the grievance investigator before the fifteen day deadline. Unsworn affidavits, statements, and other submissions to the court that are not made under the penalty of perjury are not considered competent summary-judgment evidence. *See DirectTV v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988). Further, plaintiff did not appeal the response to this grievance by filing a Step 2 grievance.

*v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004); *see also Watson v. Hughes*, 2010 WL 5139535 (E.D. Tex. Dec. 10, 2010) (although not rejected as untimely, grievance outside fifteen day period does not exhaust claims concerning previous events).

As the Fifth Circuit determined in *Johnson*, plaintiff did not properly exhaust any claims that arise from events that occurred more than fifteen days before filing the only grievance he fully exhausted, the December 27, 2006 grievance which he appealed to Step 2. *Id. at* 519. To permit plaintiff's 2006 grievance to reach back to events that transpired more than one year earlier "would effectively negate the state's fifteen-day rule and frustrate the prison system's legitimate interest in investigating complaints while they are still fresh." *Id.* Further, the fact "[t]hat a condition continues does not excuse the failure to file a grievance earlier." *Id.* Accordingly, plaintiff's objections are without merit, and the defendants' motion for summary judgment should be granted.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **23** day of **March, 2015.**

_____
Ron Clark, United States District Judge